UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PAYNE T. RANDLE, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:23-CV-96-TLS-SLC |
| MANUEL GONZALEZ, | |
| Defendant. | |

**OPINION AND ORDER**

Payne T. Randle, a prisoner without a lawyer, filed a complaint against Manuel Gonzalez, an investigative analyst with the United States Marshals Service. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Randle alleges that, on October 24, 2022, he tore his patellar tendon. On November 4, 2022, he had surgery to repair the injury. The surgeon indicated that the protocol after surgery was physical therapy three times per week. After assessing Randle, the physical therapist recommended that he receive physical therapy three times per week. Manuel Gonzalez was the investigative analyst assigned to Randle's case, and Randle alleges that Gonzalez only allowed Randle to receive physical therapy once per week. Randle's knee became stiff and locked up. He asserts that the delay in treatment caused him to suffer unnecessary pain and exacerbated his

injury. Randle asserts that Gonzalez intentionally overlooked the recommendation of two separate medical professionals and his decisions caused Randle unnecessary pain and suffering. He seeks five million dollars in damages.

A constitutional claim against federal officers for money damages must be brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than under 42 U.S.C. § 1983. *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003) ("[A]n action brought pursuant to § 1983 cannot lie against federal officers acting under color of federal law[.]"). The Supreme Court has recognized three types of *Bivens* claims: (1) a search and arrest of a private citizen without probable cause in violation of the Fourth Amendment in *Bivens*; (2) a claim against a federal employer for gender discrimination under the Due Process Clause of the Fifth Amendment in *Davis v. Passman*, 442 U.S. 228 (1979); and (3) a prisoner's claim of deliberate indifference to medical needs in violation of the Eighth Amendment in *Carlson v. Green*, 446 U.S. 14 (1980). But, in recent years, the Supreme Court has questioned the continued vitality of these claims and has strongly cautioned federal courts against recognizing new types of claims. *See Egbert v. Boule*, 596 U.S. 482, 502 (2022) ("[I]f we were called to decide *Bivens* today, we would decline to discover any implied causes of action in the Constitution."); *Hernandez v. Mesa*, 589 U.S. 93, 101–02 (2020) ("[F]or almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*."); *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) ("[E]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity."). Under the current guidance from the United States Supreme Court, courts must ask if the case presents a new *Bivens* context and, if it does, whether special factors counsel hesitation in extending *Bivens*. "If the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new." *Ziglar*, 582 U.S. at 139.

Randle's claim, while similar to the implied cause of action recognized in *Carlson*, arises from a different constitutional provision. On March 25, 2021, Randle was arrested pursuant to a warrant, *see United States v. Randle*, 1:21-CV-32-HAB-SLC, and the claim for lack of adequate medical care therefore arises under the Fifth Amendment. *See Sides v. City of Champaign*, 496 F.3d 820, 828 (7th Cir. 2007) (noting that the Due Process Clause of the Fifth Amendment applies between arrest and conviction); *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992) (citations omitted) ("[T]he Fourth Amendment governs the period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made, while due process regulates the period of confinement after the initial determination of probable cause."); *DeBenedetto v. Salas*, No. 13-CV-07604, 2023 WL 6388127, at *5 (N.D. Ill. Sept. 29, 2023) ("[T]he Court recognizes that the Fifth Amendment's Due Process Clause, not the Eighth Amendment, provides the proper constitutional standard for federal pretrial detainees."); *Stennis v. Armstrong*, No. 18 CV 7846, 2023 WL 1319561, at *6 (N.D. Ill. Jan. 31, 2023) (analyzing a federal pre-trial detainee's claims for inadequate medical care under the Fifth Amendment). This is not a meaningless difference; claims for inadequate medical care arising under the Eighth Amendment utilize a different legal standard than claims arising under the Fifth Amendment's Due Process Clause. *See Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)).

Because the right implicated by Randle's allegations arises under a different constitutional provision and utilizes a different legal standard than the right at issue in *Carlson*, it presents a new *Bivens* context. *See Ziglar*, 582 U.S. at 148 ("The constitutional right is different here, since *Carlson* was predicated on the Eighth Amendment and this claim is predicated on the

3

Fifth."). Thus, the Court must consider whether special factors counsel hesitation in extending *Bivens*.

> The Supreme Court's recent decision in *Egbert* provides guidance in such cases.
>
> [I]f a claim arises in a new context, a *Bivens* remedy is unavailable if there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed. If there is even a single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy.

*Egbert*, 596 U.S. at 492 (cleaned up).

The Supreme Court has noted that Congress had the opportunity to provide a standalone damages remedy when it enacted the Prison Litigation Reform Act, and it did not. *See Ziglar*, 582 U.S. at 148–49. The Court noted that "[i]t could be argued that this suggests Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment." *Id.* at 149. That was in 2017. Several years have passed, and still Congress has taken no action to provide a standalone damages remedy to pre-trial detainees in federal custody.

The Court must also consider whether alternative remedies were available. Here, a claim for injunctive relief might have been available to Randle when his request for additional therapy was initially denied. *See Ziglar*, 582 U.S. at 144–45 ("detainees may seek injunctive relief."). Additionally, the BOP's administrative remedy program provides detainees an alternative, albeit incomplete, method of seeking formal review of any issue relating to their confinement. *See DeBenedetto*, 2023 WL 6388127, at *7 (citing 28 C.F.R. § 542.10). Furthermore, the Federal Tort Claims Act "generally permits plaintiffs to sue the federal government for monetary damages for the tortious conduct of its employees when those employees acted within the scope of their employment." *Id.* (citing 28 U.S.C. § 2674; *Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 721 (7th Cir. 2012)).

Because Congress has not taken the opportunity to create a private right of action for damages for claims like Randle's, despite the opportunity to do so, and because there are alternative remedies available to him, however inadequate they may be, this Court concludes that *Bivens* should not be extended to the new context presented by Randle. *See DeBenedetto*, 2023 WL 6388127, at *7 (granting a motion to dismiss after reaching the same conclusion); *Choice v. Michalak*, No. 21-CV-0060, 2022 WL 4079577, at *7 (N.D. Ill. Sept. 6, 2022) (finding that *Bivens* should not be extended in a similar context based on Congress's decision not to authorize damages claims for federal pretrial detainees and the availability of an administrative grievance process).

For these reasons, this case must be dismissed pursuant to 28 U.S.C. § 1915A.

SO ORDERED on April 17, 2024.

                                        s/ Theresa L. Springmann
                                        JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT